248 So.2d 249 (1971)
Linton Edward WILSON, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 0-278.
District Court of Appeal of Florida, First District.
April 27, 1971.
Richard W. Ervin, III, Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and William W. Herring, Asst. Atty. Gen., for respondent.
SPECTOR, Judge.
Petitioner was convicted of forcible rape and robbery pursuant to his plea of nolo contendere to both charges and sentenced to life imprisonment on each. No direct appeal was taken from said judgments and sentences.
Petitioner has now filed this original habeas corpus action in which he asserts his constitutional right to appeal was frustrated by state action and asks that we permit him a belated review of his case pursuant to the Hollingshead doctrine.
Petitioner's claim of frustration rests upon his assertion that immediately after he was sentenced he informed his court-appointed defense counsel of his desire to appeal, and said counsel refused to perfect and prosecute such an appeal. If it is like petitioner says it is, he is entitled to a full appellate review of his convictions and sentences.
To determine this, we issued our rule nisi. Initially, respondent filed a return conceding petitioner's right to a belated appeal unless it could be shown that petitioner did not make known to appointed counsel his desire to appeal. To that end, respondent moved for leave to take the deposition of petitioner's appointed counsel so that inquiry could be made concerning the verity of petitioner's claim that his appointed counsel refused to appeal when asked to do so. We entered our order requiring appointed counsel to give testimony in the premises concerning communications between him and his client, notwithstanding the well known canon of legal ethics prohibiting disclosure of confidential information between attorney and client.
The history and purpose of said ethical provision is too well known to require elaboration. Sufficeth to say its purpose is to serve as a shield to guard against the *250 disclosure of confidential information revealed to the attorney in whom the client has placed his trust and confidence. However, the privileged character, of such communications was never intended to be used as a sword by a client against his attorney. The latter is not required to stand mute and defenseless when his client hurls unfounded accusations of wrongdoing and ineptness against him. To that end, the Florida Code of Ethics Disciplinary Rule 4-101(C) (3), relating to the preservation of confidences and secrets of a client, provides that:
"(C) A lawyer may reveal:
(3) Confidences or secrets necessary * * * to defend himself or his employees or associates against an accusation of wrongful conduct."
Thus, we hold that a lawyer who represents a client in any criminal proceeding may reveal communications between him and his client when accused of wrongful conduct by his client concerning his representation where such revelation is necessary to establish whether his conduct was wrongful as accused. This is so whether the lawyer is retained by the defendant or appointed by the State to represent him and includes lawyers serving as public defenders and their assistants.
Respondent has filed the transcript of testimony taken of the appointed defense lawyer as well as an amended return to our rule nisi. The amended return denied petitioner's entitlement to a belated appeal in light of the record made by defense attorney's testimony. Said deposition indicates that initially petitioner pled not guilty to the double charges against him. When counsel was appointed, he learned that petitioner had given a confession to the investigating officers concerning the charges of rape and robbery. It further appears that petitioner admitted to his lawyer his participation in the crimes ascribed to him. Apparently it was based on this knowledge that counsel settled upon the trial strategy to permit his client to change his plea of not guilty and enter a plea of nolo contendere. As reflected in the record of the proceedings at petitioner's sentencing, defense counsel obviously must have advised the nolo plea in exchange for the prosecutor's recommendation that the capital penalty not be imposed. Such procedure found the approval of Mr. Justice Douglas's majority opinion in Boykin v. Alabama, 395 U.S. 238 at 240, 89 S.Ct. 1709, at 1710, 23 L.Ed.2d 274, wherein the court in considering the legality of a guilty plea stated: "Trial strategy may of course make a plea of guilty seem the desirable course. * * *" Clearly the same principle would apply to a plea of nolo contendere.
It is manifest from the file in this cause that petitioner's plea was not uncounseled.
Petitioner's counsel further deposed that at no time was he advised by petitioner or anyone else that an appeal was desired by him, thus refuting directly the factual support for petitioner's claim to a belated appeal. Moreover, to further support counsel's assertion that his client never requested him to appeal, counsel read into the record a letter from petitioner dated February 24, 1971, in which petitioner stated, inter alia, that he did not want a new trial but rather was trying to effect his transfer to a custodial facility in Tallahassee where he would be closer to home and nearer his family.
Petitioner's allegation that he asked his appointed counsel to appeal is utterly without foundation.
Accordingly, the petition is denied.
CARROLL, DONALD, K., Acting C.J., and WIGGINTON, J., concur.