PER CURIAM.
Petitioner has filed a petition for a writ of error coram nobis by which he contends that there is new evidence that was not known at the time he pled nolo contendere but which would now prove him innocent of the charges of rape and robbery for which he was adjudged guilty. The new evidence consists of the alleged fact that the prosecutrix told one Harvey Roberts, who is now an inmate at Raiford, that petitioner did not force her to have inter *257 course against her will and did not rob her. Petitioner contends that if this had been known, he would never have been convicted.
In an earlier proceeding before this court, which decision is reported at 248 So.2d 249, petitioner filed an original ha-beas corpus action in which he stated that he advised his appointed counsel of his desire to appeal, and counsel did not appeal. Therefore, petitioner contended that his constitutional right to appeal was frustrated by state action. The deposition of petitioner’s counsel was taken at that time, and it contained the fact that petitioner admitted to his attorney that he had in fact committed the crimes. Petitioner had also given a confession to the investigating officers prior to the entry of his plea.
It seems to us that petitioner is a little late in asserting his innocence after having admitted to his participation on at least two prior occasions, one of which was to his own lawyer.
The predicament in which petitioner now finds himself is only the natural result of a systematic resort to misleading allegations and contentions which seem to abound among our prison population. Members of the Raiford Bar Association should be more cautious in their pleadings which include charges that their appointed lawyers failed to provide adequate representation because when such charges are made against the lawyer, he is permitted to defend the quality of the services he rendered by letting the cat out of the bag, so to speak. In such circumstances, as we held in Wilson’s earlier appearance here, the appointed lawyer is permitted to explain to the court the basis upon which he gave the defendant the advice that he did. This, of course, can include any confessions of guilt or implication of whatever kind that the defendant may have given him.
In the case that we presently have before us, we cannot consider petitioner’s belated claim that he did not commit the rape and robbery of which he was convicted without at the same time considering our earlier findng, based on his own lawyer’s deposition, that he admitted the commission of those crimes.
Unfortunately, his earlier admissions belie his present assertions.
Accordingly, the petition is denied.
RAWLS, C. J., and SPECTOR and BOYER, JJ., concur.