613 So.2d 405 (1992)
Barry HOFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 78686.
Supreme Court of Florida.
December 10, 1992.
Rehearing Denied March 5, 1993.
Larry Helm Spalding, Capital Collateral Representative, Martin J. McClain, Chief Asst. Capital Collateral Representative, M. Elizabeth Wells and John S. Sommer, Asst. Capital Collateral Representatives, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst., for appellee.
*406 PER CURIAM.
We have on appeal a summary denial of relief requested under Florida Rule of Criminal Procedure 3.850 by Barry Hoffman, an inmate under sentence of death. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.
The facts and procedural history of the case are stated in the prior opinions in this matter. Hoffman v. State, 571 So.2d 449 (Fla. 1990); Hoffman v. State, 474 So.2d 1178 (Fla. 1985). In the last matter before this Court in 1990, we remanded to the trial court with instructions to hold a hearing under Rule 3.850. This, the trial court did not do; and the assistant attorney general could provide us with no good reason for this lapse. When a lower court receives the mandate of this Court with specific instructions, the lower court is without discretion to ignore that mandate or disregard the instructions. It was clear error to do otherwise here.
The State complains that some of Hoffman's public record requests seek records from agencies that have had nothing to do with the judgment and sentence and over whom the state attorney has no control. We agree that with respect to agencies outside the judicial circuit in which the case was tried and those within the circuit which have no connection with the state attorney, requests for public records should be pursued under the procedure outlined in chapter 119, Florida Statutes. Because those requests will be made directly to such agencies, they will be in a position to raise any defenses to the disclosure which they may deem applicable. We recede from Mendyk v. State, 592 So.2d 1076 (Fla. 1992), to the extent that it suggested a different procedure. At the same time, we encourage state attorneys to assist in helping defendants obtain relevant public records from such outside agencies so as to facilitate the speedy disposition of postconviction claims.
We emphasize, however, that all public records in the hands of the prosecuting state attorney are subject to disclosure by way of motion under Florida Rule of Criminal Procedure 3.850 even if they include the records of outside agencies. Likewise, the public records of the local sheriff and any police department within the circuit that was involved in the investigation of the case may also be obtained in the manner outlined in Provenzano v. Dugger, 561 So.2d 541 (Fla. 1990).
Accordingly, we remand this cause once again. We emphasize that the trial court must honor and cannot deviate from the instructions appearing below. On remand the trial court shall promptly hold a hearing on those of Hoffman's requests for public records which may properly be obtained in these proceedings. Hoffman may seek the relevant public records of any outside agencies as discussed herein and within a reasonable time shall be permitted to amend his petition under rule 3.850, raising any new ground brought to light by the disclosure of the public records. Thereafter, a proper hearing shall be held in full compliance with the mandate of this Court.
We find that it would be premature to address the other issues raised by Hoffman. We do not reach these issues, but our determination in this regard is without prejudice for Hoffman to raise them anew below and in any subsequent appeal.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.