640 So.2d 1094 (1994)
Grover REED, Appellant,
v.
STATE of Florida, Appellee.
No. 80518.
Supreme Court of Florida.
June 2, 1994.
Rehearing Denied August 15, 1994.
*1095 Michael J. Minerva, Capital Collateral Representative, Martin J. McClain, Chief Asst. Capital Collateral Representative, M. Elizabeth Wells, Asst. Capital Collateral Representative and Kenneth D. Driggs, Sp. Asst. Capital Collateral Representative, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from an order on a motion for postconviction relief from a sentence of death. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
Grover Reed was convicted of the robbery, sexual battery, and first-degree murder of Betty Oermann. The jury recommended death by a vote of eleven to one and the judge followed the recommendation. This Court affirmed on appeal. Reed v. State, 560 So.2d 203 (Fla.), cert. denied, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990). Reed then sought postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The circuit court summarily denied all relief without holding an evidentiary hearing. Reed appeals.
We first address Reed's claim that the prosecutor made improper arguments during the guilt and penalty phases of the trial. Reed argues that the prosecutor made too many references to irrelevant personal characteristics of Reed and compared them with those of Oermann. However, this is an issue which should have been, but was not, raised on appeal. Therefore, to the extent that this issue does not relate to ineffective assistance of counsel,[1] it is procedurally barred. Squires v. Dugger, 564 So.2d 1074 (Fla. 1990); Smith v. State, 445 So.2d 323 (Fla. 1983), cert. denied, 467 U.S. 1220, 104 S.Ct. 2671, 81 L.Ed.2d 375 (1984).
We next address Reed's claim that although on direct appeal this Court struck two of the aggravating circumstances,[2] we *1096 failed to consider the effect on the jury of the instructions regarding these circumstances. This claim has no merit. In our opinion, we specifically stated: "The elimination of the two aggravating circumstances would not have affected Reed's sentence. There remain four aggravating circumstances balanced against a total absence of mitigating circumstances." Reed, 560 So.2d at 207 (citations omitted). Clearly, we considered the effect of striking the aggravators and concluded that the improper finding of the two aggravators constituted harmless error.
Further, Reed claims that the jury instructions concerning all of the aggravating circumstances are unconstitutionally vague. This issue is procedurally barred because Reed did not object to the instructions at trial nor did he raise this issue on direct appeal. Remeta v. Dugger, 622 So.2d 452 (Fla. 1993); Johnson v. State, 593 So.2d 206 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992).
Reed also argues that the trial court erred in summarily denying his claims of ineffective assistance of counsel. With respect to these claims, the trial court's order stated:
Although Mr. Reed's petition makes specific accusations of misconduct by counsel (backed by references to counsel's files) Mr. Reed has refused to waive the attorney-client privilege. Mr. Reed seems to assert that he has the right to level charges of malpractice or misconduct against a member of the Florida Bar and then sit on any evidence which might disprove his allegations.
The Court finds that Mr. Reed initially waived the privilege by filing the Rule 3.850 petition. By refusing to disclose counsel's files, Mr. Reed has reasserted his privilege and has precluded the State from obtaining the discovery to which it is entitled from any source. The Court notes that if Mr. Reed is not asserting a bona fide privilege, then his willful avoidance of discovery and strident refusal to behave equitably undercuts any threshold credibility his petition had at the time it was filed. The Court does not attribute any dishonesty or misconduct to Reed or his attorneys but gives them the benefit of the doubt in finding that the attorney-client privilege has been invoked.
Given Mr. Reed's decision to withhold evidence from the Court and to invoke the attorney-client privilege, no evidentiary hearing can be conducted. The loss of this crucial evidence would render any subsequent hearing pointless.
(Citations omitted.)
Following a recitation of three legal arguments advanced by Reed's counsel which the court deemed spurious, the order continued:
Although the Court does not find any sanctionable misconduct (see Rule 4-3.4 Code of Professional Responsibility) this Court considers Mr. Reed's three misstatements of law and his refusal to disclose his files as record evidence of the unreliable nature of his legal and factual assertions. Thus, Reed has deprived himself of any prima facie presumption of correctness which might otherwise apply to his petition.
The court then addressed each of the claims of ineffectiveness and denied them as legally insufficient.
Contrary to the court below, we believe that the allegations of ineffective assistance of counsel, when considered as a whole, were sufficient to require an evidentiary hearing. Because the issue concerning the disclosure of the trial attorney's files is certain to arise again, we also feel compelled to set forth guidelines which should be followed in this and other cases.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court made it clear that claims of ineffective assistance of counsel contemplated inquiry into conversations between the defendant and his or her trial attorney.
The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. *1097 For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions. See United States v. Decoster, [624 F.2d 196, at 209-10].
Strickland, 466 U.S. at 691, 104 S.Ct. at 2066.
In Wilson v. Wainwright, 248 So.2d 249 (Fla. 1st DCA 1971), a convicted defendant asserted that his constitutional right to appeal was frustrated by state action because he requested his lawyer to file an appeal and his lawyer had refused to do so. The issue before the court was whether the petitioner could invoke the attorney-client privilege to prevent the lawyer from testifying whether he had been asked to file the appeal. The court held:
Thus, we hold that a lawyer who represents a client in any criminal proceeding may reveal communications between him and his client when accused of wrongful conduct by his client concerning his representation where such revelation is necessary to establish whether his conduct was wrongful as accused. This is so whether the lawyer is retained by the defendant or appointed by the State to represent him and includes lawyers serving as public defenders and their assistants.
Id. at 250.
Likewise, in Turner v. State, 530 So.2d 45 (Fla. 1987), cert. denied, 489 U.S. 1040, 109 S.Ct. 1175, 103 L.Ed.2d 237 (1989), the defendant claimed that his lawyer failed to advise him of his right to participate in voir dire and the charge conference, and he denied authorizing his counsel to waive his presence at those proceedings. He attempted to invoke the attorney-client privilege to preclude the lawyer from testifying of the conversations between them concerning these subjects. The court held that by virtue of his claims the defendant had waived the attorney-client privilege. See § 90.502(4)(c), Fla. Stat. (1991).
Thus, it is clear that conversations between the defendant and his or her trial lawyer relevant to ineffective assistance of counsel are not protected by the attorney-client privilege. The question arises as to whether waiver of the privilege extends to the attorney's files. We believe that it does. The passage of time often dims the recollection of a defendant's original trial counsel with respect to client conversations and trial strategies. At the least, it is only fair that the State should have a right to refresh counsel's recollection concerning these matters by reference to the attorney's files.
We agree with the lower court that Reed waived his attorney-client privilege when he filed a motion for postconviction relief claiming ineffective assistance of counsel. In our opinion, such a waiver includes not only privileged communications between defendant and counsel, but also must necessarily include information relating to strategy ordinarily protected under the work-product doctrine.[3] Under such circumstances, the State will ordinarily be entitled to examine the trial attorney's entire file. However, the defendant may move to exclude from discovery any portion of the file which contains matters unrelated to the crimes for which the defendant was convicted, such as evidence of other crimes. In this event, the court shall conduct an in-camera inspection of that portion of the file in question to determine whether it should be disclosed.
Reed also claims that the trial court erroneously rejected his claim that documents he requested from files and records in the possession of the state attorney, the local sheriff, and the Parole Commission were *1098 withheld in violation of chapter 119, Florida Statutes (1991). Reed contends that the files and records he requested contain exculpatory evidence.
In Hoffman v. State, 613 So.2d 405 (Fla. 1992), we set forth the process by which prisoners sentenced to death may obtain records connected with their cases from state attorneys, sheriff's offices, police departments, and state agencies. Id. at 406. We held that all public records in the possession of the prosecuting state attorney and local sheriff are subject to disclosure under a motion made pursuant to Florida Rule of Criminal Procedure 3.850. Id. Requests for records from other state agencies should be pursued under the procedure outlined in chapter 119. Id.
In his motion, Reed claimed that the state attorney's office and the sheriff's office were withholding certain documents relating to three jailhouse informants. Therefore, in accordance with Hoffman, the trial court should hold a hearing regarding Reed's claim. Requests for records from other state agencies should be made directly to such agencies. Reed should be allowed a reasonable time to obtain any records to which he is entitled and allowed a reasonable time to amend his petition under rule 3.850 to include any pertinent information obtained from the documents.
We find the remaining claims asserted by Reed to be without merit.[4] Accordingly, we remand the case to the trial court to hold an evidentiary hearing on the ineffective assistance of counsel claims, using the guidelines set forth in this opinion related to disclosure of the trial attorney's files.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
SHAW, J., concurs in result only.
NOTES
[1] Reed contends that his trial counsel was ineffective by failing to object to the prosecutor's arguments. This issue and Reed's other ineffective assistance of counsel claims are addressed later in this opinion.
[2] We found that the following aggravating circumstances did not exist: (1) that Reed had committed a prior violent felony; and (2) that the murder was cold, calculated, and premeditated.
[3] In this case, Reed's petition claimed that his trial attorney's file contained "critical but ignored evidence," that "nothing in trial counsel's file" indicated consultation with experts, and that the "file" did not contain the deposition of a particular witness.
[4] Reed also argues that: (1) he was improperly given the burden of proving that life was the appropriate sentence; and (2) the trial court erroneously rejected his claim that his sentence should be reversed because of cumulative errors.