641 So.2d 853 (1994)
Cleo Douglas LeCROY, Appellant,
v.
STATE of Florida, Appellee.
No. 79956.
Supreme Court of Florida.
June 16, 1994.
Rehearing Denied September 9, 1994.
Michael J. Minerva, Capital Collateral Representative, and Judith J. Dougherty, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
SHAW, Justice.
We have before us an interlocutory appeal of a disclosure order in a post-conviction capital proceeding under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
LeCroy was convicted of first-degree murder, sentenced to death, and his conviction and sentence were affirmed. LeCroy v. State, 533 So.2d 750 (Fla. 1988), cert. denied, 492 U.S. 925, 109 S.Ct. 3262, 106 L.Ed.2d 607 (1989). Prior to commencement of the evidentiary hearing on LeCroy's rule 3.850 motion for post-conviction relief, the State filed a motion requesting "disclosure of all files and records of defense counsel at trial" to assist the State in preparing its response to LeCroy's claim of ineffectiveness of trial counsel. At a hearing on the motion, the court directed collateral defense counsel to return all trial files to trial counsel so that he could peruse the files prior to the evidentiary hearing and disclose to the State any materials relevant to LeCroy's ineffectiveness claim:
[THE COURT:] So I think the appropriate remedy would be for the court to direct, if he doesn't have a complete copy of what was turned over to you, for you to turn back to Mr. Eisenberg the file that you received from him and I'll direct that Mr. Eisenberg go through the file and, from his own knowledge and experience in dealing with the matter, take from the file those documents that may be there, make copies of them and disclose it to the State. He will be acting in the capacity of an officer of the court in doing that, also with the thought in mind that anything in the file that isn't fairly and honestly needed to defend himself against these accusations would not be disclosed so that attorney/client privilege will be protected to the extent of turning over the entire file but only waived to the extent of relevant matters... .
*854 Collateral defense counsel pointed out that trial counsel had already determined that the files contain no necessary materials:
[MS. DAUGHERTY:] I have gone ahead and given Mr. Eisenberg that opportunity to review his file and I believe he's in the courtroom and he has, in reviewing his file, not seen any documents that he feels are necessary to present to the court in this proceeding.
The following exchange then took place between the judge and collateral defense counsel:
THE COURT: Well, we can ask him. He's here and we can ask him some questions about it but if there are any documents in there that have a relevant bearing on the issues raised by your petition, I think they should be produced because to the extent that the petition is filed and these accusations are made, I'm finding that there is a waiver, to that extent. It's not an unlimited waiver, counsel. It's limited to whatever might be relevant in this case.
MS. DAUGHERTY: Well, Your Honor, I object to putting my client's former attorney, who still has an attorney/client privilege that extends even after the actual retaining period is closed; that does not end the attorney/client privilege, and put Mr. Eisenberg in a position of acting on the State's behalf to review  to present anything that he thinks is relevant for the State.
The court repeated its order directing collateral counsel to relinquish the files; collateral counsel declined and filed the present interlocutory appeal.
LeCroy claims that the court's order violates the attorney-client privilege by requiring trial counsel to act as a State agent in perusing the files prior to the evidentiary hearing, determining which materials are relevant, and then relinquishing those materials to the State. The State concurs and suggests that the judge, not trial counsel, review the files and make the determination of relevance.
We have addressed the issue of disclosure of trial defense files in Reed v. State, 640 So.2d 1094 (Fla. 1994), wherein we stated:
Thus, it is clear that conversations between the defendant and his or her trial lawyer relevant to ineffective assistance of counsel are not protected by the attorney-client privilege. The question arises as to whether waiver of the privilege extends to the attorney's files. We believe that it does. The passage of time often dims the recollection of a defendant's original trial counsel with respect to client conversations and trial strategies. At the least, it is only fair that the state should have a right to refresh counsel's recollection concerning these matters by reference to the attorney's files.
We agree with the lower court that Reed waived his attorney-client privilege when he filed a motion for postconviction relief claiming ineffective assistance of counsel. In our opinion, such a waiver includes not only privileged communications between defendant and counsel, but also must necessarily include information relating to strategy ordinarily protected under the work-product doctrine. Under such circumstances, the State will ordinarily be entitled to examine the trial attorney's entire file. However, the defendant may move to exclude from discovery any portion of the file which contains matters unrelated to the crimes for which the defendant was convicted, such as evidence of other crimes. In this event, the court shall conduct an in-camera inspection of that portion of the file in question to determine whether it should be disclosed.
Id., 640 So.2d at 1097 (footnote omitted).
We quash the trial court order compelling disclosure under the circumstances stated in the record and remand for proceedings consistent with Reed.
It is so ordered.
GRIMES, C.J., OVERTON, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.