PER CURIAM.
Gwendy Andrade appeals an order revoking her probation. We affirm.
While testifying at the hearing on revocation of probation, defendant-appellant Andrade stated that she had failed to appear in court on a particular date because her then-counsel told her not to. Later, the State called the former attorney as a witness, who denied giving any such advice.
On this appeal, defendant contends that this testimony was given in violation of the attorney-client privilege. We disagree.
Assuming for present purposes that the point is preserved for appellate review,* we entirely agree with the trial court that the defendant had waived the attorney-client privilege on this particular issue when she testified that her failure to appear was based on the advice of her previous counsel. See § 90.507, Fla. Stat. (2000) (holder of the privilege waives it through voluntary disclosure); Hoyas v. State, 456 So.2d 1225, 1228-29 (Fla. 3d DCA 1984); see also Reed v. State, 640 So.2d 1094, 1096-97 (Fla.1994); Wilson v. Waimuright, 248 So.2d 249, 250 (Fla. 1st DCA 1971).

 Although the record does not reflect an objection by defendant's counsel at the hearing, the court addressed the issue of waiver sua sponte.