PER CURIAM.
We affirm the denial of appellant’s petition for writ of mandamus through which he sought compliance by the Broward State Attorney with his public records request, although we do so on a different basis than the trial court ruled. Appellant, a convicted criminal, is requesting records of another criminal case prosecuted by the Broward State Attorney, not records in his own case. The state had responded to the request by stating that it had made an inspection of its records, and it had supplied statements pertaining to some of his requests. As to others, the state reported that it could not locate any statements identified in appellant’s request.
In its response to the petition and on appeal, the state points out that the appellant made an identical demand in a pending motion for postconviction relief from his own case, which was denied. A request for public records in postconviction proceedings is allowable. See Mendyk v. State, 592 So.2d 1076, 1081 (Fla.1992), overruled on other grounds by Hoffman v. State, 613 So.2d 405 (Fla.1992). The state provided many of the documents requested, and the trial court denied appellant’s motion to compel the production of other documents. Thus, the same claims made in the petition for writ of mandamus were already adjudicated on the merits in his postconviction proceedings. This proceeding is duplicative of that proceeding, and it is barred by res judicata. See, e.g., Washington v. State, 933 So.2d 577, 579 (Fla. 5th DCA 2006) (issues denied on the merits in collateral proceedings are res judica-ta in further proceedings). The appellant sought review of that order in this case by *991 way of a petition for writ of certiorari. The petition was dismissed on the authority of Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996), as the court determined that petitioner had not shown irreparable harm not remediable on appeal from a final order. Enrico v. State, No. 4D10-5219 (Fla. 4th DCA Mar. 21, 2011). Therefore, the denial of the motion to compel production may still be raised on appeal from a final order in the postconviction proceeding.

Affirmed.

WARNER, POLEN and DAMOORGIAN, JJ., concur.