Earnest Lee **MILLER,**
Petitioner-Appellant,

v.

Richard L. **DUGGER,*** Secretary, Florida Department of Offender Rehabilitation; Thomas Barton, Superintendent of Florida State Prison, Starke, Florida; and Robert A. Butterworth, Attorney General of the State of Florida, Respondents-Appellees.

William Riley **JENT,**
Petitioner-Appellant,

v.

Richard L. **DUGGER,*** Secretary, Florida Department of Offender Rehabilitation; Thomas Barton, Superintendent of Florida State Prison, Starke, Florida; and Robert A. Butterworth, Attorney General of the State of Florida, Respondents-Appellees.

Nos. 85–3175, 85–3185.

United States Court of Appeals,
Eleventh Circuit.

June 12, 1987.

---

* The caption has been altered pursuant to Fed.R. App.P. 43(c) to reflect succession of RICHARD L. DUGGER, to Secretary Florida Department of Offender Rehabilitation; TOM BARTON, to Superintendent of Florida State Prison, Starke, Florida; and ROBERT A. BUTTERWORTH, to Attorney General of the State of Florida.

Howardene Garrett, Tampa, Fla., Steptoe & Johnson, Deborah D. Kennedy, Lorna R. Franklin and David L. Roll, Washington, D.C., and Eleanor Jackson Piel, New York City, for petitioners-appellants.

William I. Munsey, Jr., Davis G. Anderson, Jr. and Michael M. Kotler, Asst. Attys. Gen., Tampa, Fla., for respondents-appellees.

Before RONEY, Chief Judge, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

In *Miller v. Wainwright*, 798 F.2d 426 (11th Cir.1986), this Court vacated a denial of habeas corpus relief and remanded this capital case to the district court for reconsideration of three issues under the correct legal standards as well as all other claims in light of new information being developed in this case. In particular, this Court ordered the district court to review the grand jury testimony of the three testifying eyewitnesses to determine if the defendants, Earnest Lee Miller and William Riley Jent, have established the particularized need sufficient to overcome the need for maintaining the secrecy of the grand jury testimony. The State appealed this ruling. The United States Supreme Court granted a *writ of certiorari*, vacated our judgment, and remanded, —— U.S. ——, 107 S.Ct. 1341, 94 L.Ed.2d 513, for further consideration in light of *Pennsylvania v. Ritchie*, —— U.S. ——, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).

In *Ritchie*, the Supreme Court addressed the claim of a father, who was charged with sexual offenses against his minor daughter, and stated that he was entitled to certain confidential records concerning his daughter that had been compiled by Children and Youth Services (CYS), a protective service agency established by Pennsylvania to investigate cases of suspected abuse. Ritchie argued that he was entitled to disclosure because the records might contain the names of favorable witnesses, impeachment material, as well as other, unspecified exculpatory evidence. The Supreme Court held in pertinent part:

> Ritchie is entitled to have the CYS file reviewed by the trial court to determine whether it contains information that probably would have changed the outcome of his trial. If it does, he must be given a new trial. If the records maintained by CYS contain no such information, or if the nondisclosure was harmless beyond a reasonable doubt, the lower court will be free to reinstate the prior conviction.

*Ritchie*, —— U.S. at ——, 107 S.Ct. at 1002, 94 L.Ed.2d at 58 (footnote omitted).

In *Miller*, the two defendants, pointing to conflicting testimony given under oath by key eyewitnesses to the crime, argued that some court should at least conduct an *in camera* review of the testimony to determine its relevance and usefulness to their pleas of innocence. This Court found this argument meritorious and reasoned:

If the grand jury testimony is the same as that at trial, it would obviously be of no use to the defendant. If it is the same as the deposition testimony, contrary to that at trial, it might or might not be useful, since the deposition was used at trial. If it were a third version, unlike either the trial or deposition, it strikes us that it would probably be useful to a jury in trying to sort out what is true and what is not....

... Since the Court knows of two different versions under oath, it is quite apparent that the grand jury testimony cannot agree with both. This takes away the speculation as to the possible usefulness of the grand jury testimony. To ultimately decide the merits of the defendant's request, it is incumbent upon some court to review the grand jury testimony of the three testifying eyewitnesses to determine if the defendant has the particularized need sufficient to overcome the need for secrecy. Since neither the state or federal court has reviewed this evidence, the case must be remanded to the district court to consider the claim involving the grand jury testimony under the correct standard.

*Miller*, 798 F.2d at 430.

The Supreme Court's reasoning and decision in *Ritchie* is an endorsement of the procedures this Court recommended and the holding we reached in *Miller*. Both Courts, based on facts presented, determined that due process required some court to review the confidential material to determine if the appropriate file "contains information that may have changed the outcome of his trial had it been disclosed." *Ritchie*, — U.S. at —, 107 S.Ct. at 1004, 94 L.Ed.2d at 60. Indeed, the *Miller* sworn testimony, which contains different versions of the facts, shows recantations of testimony, and other questionable circumstances, presents a compelling need for *in camera* inspection.

Papers filed with this Court concerning the Supreme Court's remand indicate that in accordance with our August 14, 1986 panel opinion, the district court, after reviewing the grand jury testimony of the three eyewitnesses, ordered this testimony be made available to defense counsel. Thus, the opinion of the Court in *Miller*, 798 F.2d 426, is reinstated and the district court should continue with the proceedings now taking place.

VACATED and REMANDED.