James Edward WAGNER,
Petitioner–Appellee,

v.

G.L. HENMAN, Warden, United States
Penitentiary, Marion, Illinois,
Respondent–Appellant.

In the Matter of G.L. HENMAN,
Warden, Petitioner.

Nos. 88–3159, 89–1215.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 11, 1990.

Decided May 15, 1990.

Howard B. Eisenberg, Carbondale, Ill., for petitioner-appellee.

Laura J. Jones, Asst. U.S. Atty., Benton, Ill., for respondent-appellant.

Before CUMMINGS, WOOD, Jr., and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

This appeal arises from the decision by a federal magistrate to present to an inmate's attorney a Federal Bureau of Investigation report containing the names and unredacted confidential statements of prison informants who implicated the inmate in a prison murder. The magistrate ordered the release of this information following a remand from this Court in *Wagner v. Williford*, 804 F.2d 1012 (7th Cir.1986), which required the magistrate to determine which, if any, information could be revealed to the inmate's private counsel without identifying or endangering the informants. This case presents a situation in which the government's legitimate needs for security in a prison must be balanced against the inmate's rights to have some protection against the use of confidential information against them, specifically the right to due process of law and effective assistance of counsel. For the reasons stated below, we believe the magistrate's order strayed from our instructions on remand.

I.

The underlying facts of this case are adequately discussed in our decision in *Wagner v. Williford*, 804 F.2d 1012 (7th Cir.1986) ("*Wagner I*"), and will not be reviewed in detail in this appeal. Briefly, Wagner is an inmate incarcerated in the United States Penitentiary in Marion, Illinois. In 1981, he was found guilty by the Institution Discipline Committee ("IDC") of murdering another inmate. As a result, he

lost 176 days of good time which would have decreased his original sentence and was placed in disciplinary segregation for 60 days. Wagner, in this action, seeks review of documents containing statements by confidential informants used by the IDC in determining that he was involved in the murder. In *Wagner I,* this Court reviewed the decision by the magistrate, after an *in camera* review of the documents, to withhold the confidential information from Wagner's attorney because the risk of inadvertent disclosure by other attorneys that may appear before him was too great. We concluded that the magistrate correctly presumed that Wagner's attorney is trustworthy, and thus the risk of intentional disclosure of such documents by him is minimal, absent specific evidence of untrustworthiness. We remanded the case, however, for the magistrate to consider the risk of inadvertent disclosure in this case and not the risk that other attorneys in other situations might present a greater risk of inadvertent disclosure. On remand, we stated, the court should "make full use of procedures such as *redaction* in order to fashion an appropriate *compromise* between the inmate's right to effective assistance of counsel and the necessity of protecting informant anonymity." *Id.* at 1018 (emphasis added). We further stressed in *Wagner I* that on remand the magistrate should determine "[w]hether options existed, short of withholding the report entirely, to allow Wagner's attorney access to the confidential information without endangering the sources of that information." *Id.* at 1018. This case is now before us alleging error in the magistrate's order carrying out the remand.[1]

On remand from *Wagner I,* the magistrate ordered evidentiary hearings where the government presented evidence concerning the need for maintaining the confidentiality of the information as well as the informants' identity in order to assure the safety of the informants. The government further claimed that inadvertent disclosure of confidential information was a major risk to informants and that even redaction of a confidential report added to this risk. Wagner's attorney, on the other hand, presented evidence concerning the necessity of access to such information to prepare an effective defense.

On September 16, 1988, the magistrate, without making any written findings based on the evidence presented, entered an order requiring total disclosure of the FBI report to defendant's attorney, including the informants' names and their unredacted statements pursuant to the following procedures:

A. Professor Eisenberg [Wagner's counsel] will be allowed to examine all materials obtained from confidential sources which had previously been submitted for *in camera* inspection and which were relied upon by the IDC in petitioner's case.

B. The inspection will take place in the United States Magistrate's Conference Room. The records and reports *will not be redacted.* Professor Eisenberg will be allowed to make notes if he feels they will aid his argument to the court. Said argument to the court regarding the sufficiency of the evidence and the reliability, or lack thereof, of any confidential informant shall take place immediately following counsel's viewing of the records. Any notes made by Professor Eisenberg pursuant to his inspection of the confidential materials will be collected by a United States Marshal and promptly destroyed. No notes, photocopies, or other record of the inspection will be retained by Professor Eisenberg.

C. Petitioner, James Wagner, shall not be present when the records are viewed nor during counsel's argument to the court.

D. Following Professor Eisenberg's argument, the defense will have an opportunity to respond.

---

1. The parties in this case consented to trial before a magistrate pursuant to 28 U.S.C. § 636(c), and as such, an appeal from a judgment entered upon the direction of the magistrate shall be heard by the court of appeals.

Fed.R.App.P. 3.1. This Court, therefore, has jurisdiction to hear this case on direct appeal and we need not decide the consolidated action for mandamus which presents the same facts and requests the same relief.

E. No transcript of the proceedings shall be prepared or obtained without prior approval of the court.

F. Following argument by counsel, the Clerk is directed to place the file under seal and store it in a safe and secure location.

G. Professor Eisenberg shall not discuss with his client or any other person any matter learned by him during the inspection of the confidential materials.

    *     *     *     *     *     *

(emphasis added)

On October 2, 1988, the magistrate drafted an order ("secrecy order"), that stated his order from the 16th of September was to be held under seal and that no one was to notify anyone, including Wagner, that his attorney would be allowed access to the confidential information. The magistrate also ordered the release of the confidential documents on November 3, 1988, but stayed the proceedings pending the government's timely appeal.

## II.

The government petitions this Court to reconsider the *Wagner I* opinion and in the alternative to find the magistrate's order not in compliance with the directives contained therein. These requests arise from the government's perceived increased risk of the inadvertent disclosure of government informants' identities arising from the magistrate's order.

The government invites us to reconsider our decision in *Wagner I* in light of the Supreme Court's decision in *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). It claims that under *Ritchie* the Supreme Court only requires an *in camera* review of the confidential documents rather than disclosure of any documents to defendant's counsel. We read *Ritchie* differently.

In *Ritchie*, the Supreme Court considered a case involving a criminal defendant convicted in state court of various sexual offenses who sought documents maintained by a child protective service agency that were confidential under a Pennsylvania statute. The Pennsylvania Supreme Court found that the defendant had a federal constitutional right to have his attorney review the documents. The United States Supreme Court affirmed that part of the decision of the Pennsylvania court finding that Ritchie's attorney had the right under due process to review relevant information in the documents. The Court held, however, that defense counsel has no constitutional right to conduct a search of the documents to determine relevance. Rather, the defendant's interest in a fair trial can be fully protected by an *in camera* determination of relevant documents to be used by defense counsel. *Ritchie*, 480 U.S. at 59, 107 S.Ct. at 1002. Such a review, the Court reasoned, would best protect the interests of both the state and defendant.

*Wagner I* is entirely consistent with the Supreme Court's holding in *Ritchie*. In *Wagner I*, we stated that "[t]he objective must always be to provide defense counsel with as much information as possible ... [and] there may have been some quantum of information that would have assisted petitioner's attorney, yet would not if revealed necessarily have led to identification of the informants." *Wagner*, 804 F.2d at 1017. To achieve this policy we instructed the magistrate to conduct an *in camera* review and determine which if any information could be turned over to Wagner's counsel. *Ritchie* allows for the disclosure of information to defense counsel, so long as it is relevant to defendant's case, just as we provided for in *Wagner I*.

Our review of *Ritchie* is also supported by the Eleventh Circuit's reading of it in *Miller v. Dugger*, 820 F.2d 1135 (11th Cir. 1987), where that court found that due process required the court to review the confidential information to determine if there was relevant information that should be disclosed to the defendant. It is clear that *Ritchie* allows disclosure of relevant confidential information, and therefore, the government's contention that any disclosure of confidential information is barred by *Ritchie* must fail.

The government's second contention on appeal, that the magistrate exceeded the *Wagner I* remand when he ordered the release of all the confidential information to Wagner's attorney, is more compelling. In applying *Wagner I,* the magistrate made the proper presumption that the risk of intentional disclosure by Wagner's attorney is "negligible in this case." We have previously held that district courts need not make specific findings on this issue, since attorneys, as officers of the court, are presumptively trustworthy absent specific evidence of untrustworthiness. *See Wagner,* 804 F.2d at 1017; *McKinney v. Meese,* 831 F.2d 728, 731 (7th Cir.1987) (attorneys are presumptively trustworthy but *in camera* determination by district court concluded that the risk of disclosure of informant's identity was too great even if the document was redacted).

The magistrate, however, misinterpreted the full extent of the second step of the *Wagner I* analysis. That prong requires the district court to consider the risk of inadvertent disclosure and "make full use of procedures such as *redaction* in order to fashion an appropriate *compromise* between the inmate's right to effective assistance of counsel and the necessity of protecting informant anonymity." *Wagner,* 804 F.2d at 1018 (emphasis added). The magistrate, in carrying out this step, did not state in writing his reasons for not considering an intermediate solution to the problem. He merely ordered disclosure of all the documents, an option available under *Wagner I* only where the magistrate finds there is only the *barest minimum* of risk of inadvertent disclosure of an informant's identity. We note that such a determination, however, is highly unlikely in this type of case. Because it is impossible for us to conclude from the record that the magistrate, pursuant to the remand of *Wagner I,* considered the risk of inadvertent disclosure in fashioning his relief, we must remand again for this determination.

In this respect, we note that a district court and magistrate must follow an appellate court's remand. *Ohio–Sealy Mattress Mfg. Co. v. Sealy, Inc.,* 669 F.2d 490, 493 (7th Cir.) *cert. denied,* 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982). If a district court or magistrate does not follow such a mandate then it has abused its discretion. We conclude, that in this case, the magistrate abused the discretion conferred upon him by this Court's remand when he authorized full disclosure without considering other options and stating his reasons in his orders. The magistrate's orders make no reference to any evidence which he considered in deciding that Wagner's counsel could have access to the reports, nor do they explain the court's failure to consider redaction. The absence of any factual findings, the weighing and analyzing of the evidence, and an explanation as to how the evidence influenced the magistrate's decision precludes our effective review of his orders and compels us to conclude that an inappropriate procedure was followed on the initial remand.

On further remand, the court is to carefully consider its options and state fully for the record its conclusions that support the relief granted. In carrying out this task the magistrate must be careful not to "adopt a general rule allowing inmates' counsel access to investigative reports containing confidential information." *Wagner,* 804 F.2d at 1017 (citing *Mendoza v. Miller,* 779 F.2d 1287, 1298 (7th Cir.1985)). Its current relief approaches such a general rule. Rather, in contemplating its options, the district court should be guided by our concerns that when disclosing an informant's identity may seriously risk that informant's safety, redaction is the maximum form of relief. Therefore, the magistrate should consider this alternative and state specifically its reasons for allowing or denying disclosure of a document redacted of all identifying references.

Therefore, when we stated in *Wagner I* that the court should consider "whether options existed, short of withholding the report entirely, to allow Wagner's attorney access to the confidential information without endangering the sources of that information," *Wagner,* 804 F.2d at 1018, we envisioned the remand instruction would yield two realistic options in this case. The first option is the total withholding of the

information if the document cannot be sufficiently redacted to protect the safety of the informants while still being useful to the defendant's counsel. This determination is to be made *in camera* by the district court. The second option is a limited release of redacted material information to the defendant's counsel. *Wagner*, 804 F.2d at 1018; *McKinney*, 831 F.2d at 731. The determination of relevant information is also to be done by the district court, *in camera*, mindful of the government's need to protect the identities of confidential informants. The redaction may be done by the prison officials, submitting both the redacted and unredacted forms to the court for *in camera* approval, or it may be redacted *in camera* by the district court. *Wagner*, 804 F.2d at 1017 n. 5. These options and procedures adequately comply with *Wagner I* and provide an opportunity for the defendant's attorney to have access to some confidential material while also satisfying the government's interest in the safety of its informants.

Also before this Court is Wagner's motion to vacate the secrecy order imposed by the magistrate. That order is hereby vacated by this Court. However, such an order may be crucial in reducing the risk of inadvertent disclosure and keeping the informants' identities undisclosed and can be reinstated by the magistrate if determined to be appropriate in refashioning its new relief.

### III.

For the foregoing reasons, this case is remanded back to the district court to make an *in camera* review of the documents and evidence presented to it. In this review, the court should consider the risk of inadvertent disclosure and appropriate procedures that can be undertaken to avoid that risk, and must provide its findings in writing. In this respect, if the court determines a redacted document will provide only a minimal risk of disclosure of the informants' identities then the redacted document may be released to Wagner's attorney. On the other hand, if the court determines that the risk is too great or the material is irrelevant, then the documents should remain sealed and unavailable to defendant's counsel. Accordingly, the orders of the magistrate are VACATED and we REMAND for further proceedings pursuant to this opinion.