649 So.2d 859 (1994)
Mark James ASAY, Petitioner,
v.
FLORIDA PAROLE COMMISSION, et al., Respondents.
James C. AGAN, et al., Petitioners,
v.
FLORIDA BOARD OF EXECUTIVE CLEMENCY, Respondent.
James C. AGAN, et al., Petitioners,
v.
FLORIDA PAROLE COMMISSION, Respondent.
Nos. 82732, 83047 and 83048.
Supreme Court of Florida.
November 10, 1994.
Rehearing Denied February 13, 1995.
Michael J. Minerva, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR, and Daren L. Shippy and Stephen M. Kissinger, Asst. CCRs, Tallahassee, for petitioners.
Mark Schlakman, Asst. Gen. Counsel, Office of the Governor, Tallahassee, on behalf of the Board of Executive Clemency, and William L. Camper, Gen. Counsel, Tallahassee, on behalf of Florida Parole Com'n, for respondents.
PER CURIAM.
We have on appeal the denial of claims by numerous death-sentenced inmates seeking disclosure of records kept on behalf of the Florida Board of Executive Clemency.[1] We have jurisdiction pursuant to our plenary and exclusive appellate authority over cases involving death sentences. Art. V, § 3(b)(1), Fla. Const.; see Gerald Kogan & Robert Craig Waters, The Operation and Jurisdiction of the Florida Supreme Court, 18 Nova L.Rev. 1151, 1211-12 (1994).
The primary question we must address is whether the Clemency Board's records are of a type that can trigger the requirements of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. Petitioners note, and we acknowledge, that the United States Supreme Court has applied Brady to state investigatory agencies not directly associated with police or prosecutors. Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).
However, petitioners have cited no federal precedent directly holding that Brady is applicable to a clemency board or its *860 equivalent and, if so, under what circumstances. Our own research has disclosed nothing on point. This apparently is a case of first impression. Moreover, the federal Brady issue, and it alone, is dispositive of this case because Florida constitutional law exempts clemency records from any disclosure not authorized by the Governor. Parole Commission v. Lockett, 620 So.2d 153 (Fla. 1993). Absent contrary federal law applicable to Florida via the Fourteenth Amendment, petitioners clearly are entitled to no relief.
The Ritchie opinion comes closest in relevance. However, even it dealt with facts so distinct from those at issue here that we cannot say it is on point. In Ritchie, the State of Pennsylvania had established a child-protection agency separate from police and prosecutors. That agency then investigated a man accused of molesting his own daughter. In seeking release of the agency's records in the ensuing child-abuse prosecution, the man argued that the agency had in its possession a variety of material and favorable documents. These allegedly included verbatim statements by his daughter, medical reports, and an earlier child-abuse complaint. Materials of this kind obviously could contain exculpatory material, so the Court found that an in camera review was warranted. Ritchie.
We have read the cases cited by petitioners, including United States v. Brooks, 966 F.2d 1500 (D.C. Cir.1992), and Miller v. Dugger, 820 F.2d 1135 (11th Cir.1987). Like Ritchie, all focus on state-sponsored investigations that have gathered evidence within the same basic time frame as the police investigation and trial, even if only disclosed much later. Florida clemency investigations, however, by their very nature gather materials well after the trial and appeals have ended, except for those materials actually contained in the trial court and appeals records reviewable by the Clemency Board. We find this to be a critical distinction between this case and those cited by petitioners and reason enough to deny this petition.
Moreover, Ritchie itself suggested that records afforded a high degree of confidentiality may be immune from the Brady requirements. Ritchie, 480 U.S. at 57-58, 107 S.Ct. at 1001-02. Under Florida law, clemency records enjoy a similarly high level of confidentiality. Lockett. The state has a strong policy to maintain that confidentiality based on the unusually sensitive nature of some clemency evidence and the exclusive authority of clemency given to the executive by the Florida Constitution. Art. IV, § 8, Fla. Const. This, too, is reason enough to deny the petition.
Furthermore, the decision in Brady has been in existence since 1963. In that time, no reported case apparently has ever suggested that clemency-related investigations occurring well after trial and appeals have ended may be the subject of a Brady claim. The lack of precedent even from lower courts is a strong indicator that Brady was never intended to apply in this context. Accordingly, we decline to extend the rule, and we hold that Brady has no application to clemency proceedings in Florida.
The petitions accordingly are denied.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING and WELLS, JJ., and McDONALD, Senior Justice, concur.
KOGAN, J., concurs specially with an opinion.
KOGAN, Justice, specially concurring.
There is some merit with the argument that this case should not be subject to the full strictures of Brady, if only for reasons of policy and common sense. As the majority notes, Brady generally is conceived as applying only to state-sponsored investigations during roughly the period of the investigations and later trial. Moreover, any possible incentive to withhold exculpatory evidence is diminished in the present context when compared with a "classic" pretrial Brady violation. The opinion in Scott v. Dugger, 604 So.2d 465 (Fla. 1992), upon which petitioners rely, suggests the Governor has voluntarily disclosed exculpatory evidence in the past; and no party now contends that the Governor has ever withheld exculpatory clemency records.
*861 Furthermore, the Ritchie opinion indicated that the state's confidentiality interests are a matter to be weighed in the Brady equation. Ritchie, 480 U.S. at 56-57, 107 S.Ct. at 1000-01. I do agree that those interests are substantial here, but not so weighty as to completely shield the Clemency Board from any Brady obligation whatsoever. For example, there may be rare instances where inadvertence or some other factor results in exculpatory evidence gathered long after trial not being disclosed, possibly including information conclusively showing the inmate's innocence. In that situation, I cannot conceive that Brady is inapplicable. The entire thrust of the Brady line of cases is that
the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment.
Ritchie, 480 U.S. at 57, 107 S.Ct. at 1001. No time limit is mentioned as to when that material must have been discovered. For that reason, Brady must surely apply equally to the Clemency Board. No one seriously can argue an executive privilege to permit an innocent person to be executed.[2]
For these reasons, I would hold that Brady and its progeny impose upon the state's executive branch a duty to disclose exculpatory evidence in its possession. Thus, Brady applies to the Clemency Board in at least some conceivable  though admittedly rare  cases. I agree, however, that the present petition fails to make a sufficient allegation for any Brady relief and should be denied on that basis.
Finally, I think the unusual procedural posture of this case deserves further comment. Petitioners did have some basis for filing their complaints in the Leon County circuit court based on our opinion in Hoffman v. State, 613 So.2d 405 (Fla. 1992). At the time they did so, the complaint apparently was limited to a chapter 119 public records request. The Brady claim appears to have been added later; and most of the inmates then simply joined in the Leon County suit. Eventually the case focused almost exclusively on the Brady issue.
At that point, I believe the proceedings lost all character as a chapter 119 proceeding, rendering Hoffman inapplicable. By its own terms, Hoffman only addressed chapter 119 issues and did not establish venue in the Second Judicial Circuit for a Brady records request made to the Clemency Board. Moreover, I do not believe it would be sound judicial policy to require all Brady records requests to be heard in the Second Judicial Circuit. While the instant case involves death-sentenced inmates, the claim they raise potentially could be brought by any inmate with a clemency file. To require that all such claims be heard in one place easily could overtax the resources of the circuit as well as of the one district court hearing appeals.
Brady claims usually are brought via Rule 3.850 in the sentencing court. I believe sound policy dictates the same conclusion for Brady records requests, should they be allowed in the future. Any Brady issue essentially is a species of collateral challenge. Here, the act of requesting Brady materials is only a prelude to a possible Brady hearing, which unquestionably would be heard in the sentencing court. I see no reason why the same court should not resolve all issues. Accordingly, the proper venue for such a claim is in the court that sentenced the inmate, pursuant to Rule 3.850, with appeals in death cases then going to this Court.
NOTES
[1] Such records actually are produced by the Florida Parole Commission, but this is done solely as an agent of the Governor and Cabinet. Thus, the records enjoy all of the executive's immunities. Parole Commission v. Lockett, 620 So.2d 153 (Fla. 1993).
[2] I emphasize that I am addressing a hypothetical here and in no sense impugn any office or agency of the executive branch.