668 So.2d 580 (1996)
Rickey Bernard ROBERTS, Appellee,
v.
Robert BUTTERWORTH, Appellant.
No. 87389.
Supreme Court of Florida.
February 21, 1996.
George A. Couture, CCR Staff Attorney; Martin J. McClain, Chief Assistant CCR and Jennifer M. Corey, Assistant CCR of the Office of the Capital Collateral Representative, Tallahassee, for Appellant.
*581 Robert A. Butterworth, Attorney General; and Wendy S. Morris and Charlie McCoy, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
Rickey Bernard Roberts, a prisoner under sentence of death, appeals a final order of the circuit court denying his complaint for the disclosure of public records by the Attorney General's Office. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution and affirm the trial court's order denying Roberts' complaint for disclosure.
Pursuant to chapter 119,[1] the Office of the Capital Collateral Representative (CCR) requested access to all public records relating to Roberts. Roberts also filed a chapter 119 civil complaint for disclosure of the public records in the Second Judicial Circuit Court in Leon County. The Attorney General made the records available for viewing by CCR, but withheld certain documents on the basis that some were not public records and that others were exempt from disclosure.
At a hearing on the complaint for disclosure, the circuit judge heard arguments from the parties and conducted an in-camera inspection of the withheld documents. The judge ruled that the withheld documents either were not public records or were statutorily exempt from disclosure. The judge determined that certain handwritten notes either were not public records or were exempt from disclosure under section 119.07(3)(l), Florida Statutes (1995).[2] The judge ruled that materials relating to Roberts' clemency proceedings were exempt under section 14.28, Florida Statutes (1993).[3] In a separate order, the judge dismissed the part of Roberts' complaint dealing with possible Brady[4] material in the withheld documents.
Roberts asserts that the circuit court erred in: (1) finding that the withheld handwritten documents are non-public records; (2) applying the capital collateral litigation work product exemption retroactively to a public records request that predated the October 1, 1995, effective date of the 1995 amendment to section 119.07(3)(l); (3) dismissing his Brady claims; and (4) finding that the clemency materials are exempt from disclosure.
We agree with the circuit court that the first category of withheld documents are either not public records or are exempt from disclosure under the work product exemption in section 119.07(3)(l). Even though this particular provision did not take effect until October 1, 1995, the legislative history indicates that the statute is remedial in nature[5] *582 and thus can be applied retroactively. See City of Orlando v. Desjardins, 493 So.2d 1027 (Fla.1986) (holding that statutory work product exemption in chapter 119 was remedial in nature and thus applicable to cause of action that accrued prior to its effective date).
Roberts also argues that the amended statute is facially unconstitutional because it distinguishes between indigent death-sentenced inmates represented by state-appointed collateral counsel and capital inmates represented by their own counsel. The statute does provide that the work product exemption applies to "capital collateral litigation as set forth in [section] 27.7001." § 119.07(3)(l)1. Section 27.7001, Florida Statutes (1995), provides that it is the intent of the legislature that all indigent death-sentenced persons be represented by CCR in collateral legal proceedings. Clearly, the legislature's rationale for extending the work product exemption to the Attorney General's files for purposes of capital collateral litigation,[6] applies equally whether a death-sentenced person is represented by private counsel or state-appointed counsel. Thus, we interpret the amended statute as applying to all death-sentenced inmates and find no constitutional violation.
We also find no error in the trial court's dismissal of Roberts' Brady claims. Because Brady has no application to clemency proceedings in Florida, Asay v. Florida Parole Comm'n, 649 So.2d 859, 860 (Fla. 1994), cert. denied, ___ U.S. ___, 116 S.Ct. 591, 133 L.Ed.2d 505 (1995), the court properly dismissed the claims relating to the clemency materials. The court also properly dismissed the Brady claims relating to the handwritten notes. Roberts' complaint raised only a general request for exculpatory material under Brady. Under such circumstances, "it is the State that decides which information must be disclosed" and unless defense counsel brings to the court's attention that exculpatory evidence was withheld, "the prosecutor's decision on disclosure is final." Pennsylvania v. Ritchie, 480 U.S. 39, 59, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987). However, as the circuit court noted in its order, the dismissal of the Brady claims does not diminish the Attorney General's obligation to disclose any Brady material.[7]
Roberts' last issue questions the propriety of withholding the clemency materials from his public records request. We note at the outset that clemency files and records are not subject to chapter 119 disclosure. Parole Comm'n v. Lockett, 620 So.2d 153 (Fla.1993); § 14.28, Fla.Stat. (1993). "[A]ll records and documents generated and gathered in the clemency process ... are confidential and shall not be made available for inspection to any person except members of the Clemency Board and their staff. The Governor has the sole discretion to allow records and documents to be inspected or copied." Fla.Admin.Code R. 27-app. (Rule 16 of the Rules of Executive Clemency).
On appeal, Roberts argues that the confidential nature of the clemency materials was waived because, he asserts, the materials were released to the assistant attorney general representing the State in his postconviction proceeding. However, we find that this issue was not preserved for appeal as Roberts never made this argument below. Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982) ("[I]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below."). In fact, at the hearing below Roberts' counsel offered no rebuttal argument when the Attorney General stated that "CCR has never argued that the Governor's Office has ever authorized [the clemency materials'] release." Roberts' counsel even went on to explain that his only argument relating to the clemency materials was based upon Brady.
Accordingly, we affirm the circuit court's order denying Roberts' complaint for disclosure of public records.
It is so ordered.
*583 GRIMES, C.J., and OVERTON, KOGAN, HARDING and WELLS, JJ., concur.
SHAW and ANSTEAD, JJ., concur in result only.
NO MOTION FOR REHEARING WILL BE ALLOWED.
NOTES
[1] Chapter 119, Florida Statutes (1995), governs public records in the State of Florida. There is a general policy that "all state, county, and municipal records shall be open for personal inspection by any person." § 119.01(1), Fla.Stat. (1995). However, certain public records are specifically exempt from disclosure by statute. See § 119.07(3), Fla.Stat. (1995).
[2] Section 119.07(3)(l), Florida Statutes (1995), provides an exemption for work product documents until litigation is concluded. In the case of capital collateral litigation, the Attorney General's office is entitled to claim this exemption "for those public records prepared for direct appeal as well as for all capital collateral litigation after direct appeal until execution of sentence or imposition of a life sentence." Id.
[3] Section 14.28, Florida Statutes (1993), provides in pertinent part that "[a]ll records developed or received by any state entity relating to a Board of Executive Clemency investigation shall be exempt from the provisions of s. 119.07(1)."
[4] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[5] The legislature specifically found that it is a "public necessity" to exempt the work product of the Attorney General's office from disclosure during postconviction proceedings. Ch. 95-398, § 17, at 3266, Laws of Fla. The legislature further stated that:

The premature disclosure of this information could be detrimental to the Attorney General's legal representation in these proceedings if the material were disclosed prior to final disposition of the postconviction proceedings. Such a result could interfere with the effective and efficient administration of government by hampering the Attorney General's ability to rely on the materials prepared by the attorneys for direct appeal when such materials reflect the attorney's mental impression, conclusion, litigation strategy, or legal theory. Thus, the Legislature determines that the public harm in disclosing this work product significantly outweighs any public benefit derived from disclosure. Furthermore, a capital defendant's ability to secure other public records is not diminished by nondisclosure of these attorney work products.
Id.
[6] See ch. 95-398, § 17, at 3266, Laws of Fla.
[7] This Court's review of the withheld documents revealed no exculpatory material.