713 So.2d 985 (1998)
Terrell M. JOHNSON, Appellant,
v.
Robert A. BUTTERWORTH, Appellee.
No. 89022.
Supreme Court of Florida.
March 19, 1998.
Rehearing Denied July 9, 1998.
Gregory C. Smith, Capital Collateral Regional CounselNorthern District, and Martin J. McClain, Litigation Director, Office of the Capital Collateral Regional Counsel Southern District, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Terrell M. Johnson, a prisoner under a sentence of death, appeals a final order of the circuit court denying his complaint for the disclosure of public records by the Attorney General's Office. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. We affirm the trial court's order denying Johnson's complaint for disclosure.
Pursuant to chapter 119,[1] the Office of the Capital Collateral Representative (CCR) requested access to all of the Attorney General's files that pertain to Johnson. After the Attorney General denied this request, CCR filed a chapter 119 civil complaint for the disclosure of the documents in the Second Judicial Circuit in Leon County. The documents consisted of outlines, time lines, page notations regarding information in the record, and similar items. The Attorney General's position was that the requested documents were either not public records or were exempt from disclosure based on section 119.07(3)(l), Florida Statutes. That section states in relevant part:
1. A public record which was prepared by an agency attorney (including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody *986 of the record) or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings, is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution until the conclusion of the litigation or adversarial administrative proceedings. For purposes of capital collateral litigation as set forth in s. 27.7001, the Attorney General's office is entitled to claim this exemption for those public records prepared for direct appeal as well as for all capital collateral litigation after direct appeal until execution of sentence or imposition of a life sentence.
§ 119.07(3), Fla. Stat. (1995).
The trial court reviewed the requested documents in camera. At the hearing on the complaint for disclosure, the trial court denied Johnson's request. The trial court reasoned that the requested documents were either exempt from disclosure or not public records.
Johnson claims that the circuit court erred in holding that the requested documents were not subject to disclosure and that the requested materials were not covered by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Johnson also asserts that section 119.07(3)(l) is unconstitutional because it violates due process and equal protection in so far as it distinguishes between death-sentenced inmates and all other inmates.
We begin our analysis by pointing out that upon request, the State is obligated to disclose any document in its possession which is exculpatory. Brady, 373 U.S. at 87-88. This obligation exists regardless of whether a particular document is work product or exempt from chapter 119 discovery.
We agree with the circuit court to the extent that it held that the withheld documents are not public records. In State v. Kokal, 562 So.2d 324 (Fla.1990), this Court stated:
We do agree with the state attorney that some of the documents in his files are not public records. In Shevin v. Byron, Harless, Schaffer, Reid & Associates, Inc., 379 So.2d 633, 640 (Fla.1980), we pointed out:
To give content to the public records law which is consistent with the most common understanding of the term "record," we hold that a public record, for purposes of section 119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. To be contrasted with "public records" are materials prepared as drafts or notes, which constitute mere precursors of governmental "records" and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation. Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business.
Further, not all trial preparation materials are public records. [Note]
[Note:] Of course, the state attorney is obligated to disclose any document in his files which is exculpatory. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
We agree with Orange County v. Florida Land Co., 450 So.2d 341, 344 (Fla. 5th DCA), review denied, 458 So.2d 273 (Fla. 1984), which described certain documents as not within the term "public records":
Document No. 2 is a list in rough outline form of items of evidence which may be needed for trial. Document No. 9 is a list of questions the county attorney *987 planned to ask a witness. Document No. 10 is a proposed trial outline. Document No. 11 contains handwritten notes regarding the county's sewage system and a meeting with Florida Land's attorneys. Document No. 15 contains notes (in rough form) regarding the deposition of an anticipated witness. These documents are merely notes from the attorneys to themselves designed for their own personal use in remembering certain things. They seem to be simply preliminary guides intended to aid the attorneys when they later formalized the knowledge. We cannot imagine that the Legislature, in enacting the Public Records Act, intended to include within the term "public records" this type of material. See Shevin v. Byron, Harless.

In summary, we hold that that portion of the state attorney's files which fall within the provisions of the Public Records Act are not exempt from disclosure because Kokal's conviction and sentence have become final. Thus, the state attorney should have provided Kokal with these records upon his request. If he had a doubt as to whether he was required to disclose a particular document, he should have furnished it in camera to the trial judge for a determination. Of course, the state attorney was not required to disclose his current file relating to the motion for postconviction relief because there is ongoing litigation with respect to those documents.
Id. at 327. The documents in question are "simply preliminary guides intended to aid the attorneys when they later formalized the knowledge." Id. (quoting Orange County v. Florida Land Co., 450 So.2d 341, 344 (Fla. 5th DCA), review denied, 458 So.2d 273 (Fla. 1984)). The documents are not "final evidence of knowledge obtained in connection with the transaction of official business." Shevin v. Byron, Harless, Schaffer, Reid & Assocs., 379 So.2d 633, 640 (Fla.1980). Thus, the documents do not fall within the definition of public record. Therefore, we find that the trial judge did not err in denying Johnson's request.[2]
Further, we find no error in the dismissal of Johnson's Brady claim. As stated earlier, the State is under a continuing obligation to disclose any exculpatory evidence. Brady, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. In Roberts v. Butterworth, 668 So.2d 580 (Fla.1996), this Court reiterated the standard for when a defendant makes only a general request for exculpatory material under Brady:
Under such circumstances, "it is the State that decides what information must be disclosed" and unless the defense counsel brings to the court's attention that exculpatory evidence was withheld, "the prosecutor's decision on disclosure is final." Pennsylvania v. Ritchie, 480 U.S. 39, 59, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987).
668 So.2d at 582. Johnson's request in this case was no more than a general request under Brady. Therefore, we affirm the trial court's dismissal of Johnson's Brady claim.
Accordingly, we affirm the circuit court's order denying Johnson's complaint for disclosure of public records.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] Public records law in Florida is governed by chapter 119, Florida Statutes (1995). Generally, "all state, county, and municipal records shall be open for personal inspection by any person." § 119.01(1), Fla. Stat. (1995). However, there are statutory exemptions to this policy. See § 119.07(3), Fla. Stat. (1995).
[2] We decline to address Johnson's claim that section 119.07(3)(l), Florida Statues (1995), is unconstitutional. After determining that the requested documents are not public records, this section becomes inapplicable to this case.