PER CURIAM.
Paul William Scott, a prisoner under sentence of death, appeals an order of the circuit court denying his complaint for disclosure of public records by the Attorney General’s Office. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm:
The circuit court order under- review provides in relevant part:

ORDER GRANTING FINAL SUMMARY JUDGMENT

This cause came before the Court upon Defendant’s motion for summary judgment filed October 4, 1996. After hearing argument of counsel, and conducting an in camera inspection of the documents withheld from disclosure, the Court grants final summary judgment in favor of Defendant.

Findings of Fact

Scott is a death row inmate represented by the Capital Collateral Representative (CCR). On August 11, 1995, CCR requested access to Defendant’s files relating to Scott. ' On October 6, 1995, Defendant responded, and offered to al *392 low inspection of all the “files” relating to Scott, except for documents that were not public records or were exempt from disclosure under ch. 119, Florida Statutes. After interim correspondence between the parties, Scott’s files were made available for inspection as of October 25,1995.
Scott inspected defendant’s files on or about March 8, 1996. Some documents were withheld from inspection. An inventory of those withheld documents was prepared and supplied to CCR....
Pursuant to the Court’s order of January 7, 1997, Scott re-inspected Defendant’s files as to documents created or acquired since the original inspection. Defendant did not withhold any additional documents from this re-inspection, and provided Scott with 27 pages of documents created or acquired since the original inspection. Also pursuant to the court’s January 7, 1997, order, Defendant provided Scott with a “statement of particularity” as to why withheld documents were claimed as exempt. ...
, During a deposition held February 26, 1997, CCR renewed its original request for access to Defendant’s e-mail (electronic mail) relating to Scott. Copies of such e-mail were later provided to CCR, except for three documents withheld as exempt from disclosure. These documents were filed with the court during the hearing on October 1, 1997, and were marked as Supplemental Exhibits A, B, and C, respectively. Defendant has provided access to all files relating to Scott sought by CCR, except for those withheld and listed in Appendix A hereto, and Supplemental Exhibits A, B, and C.

Conclusions of Law

The disputed documents, except for the three items withheld as clemency materials, were properly withheld from disclosure pursuant to Scott’s public records request, as the documents were not public records subject to disclosure....
The last three items listed in Appendix A were properly withheld as clemency materials. These documents were exempt from disclosure under § 14.28, Florida Statutes (1995), and Rule 16 of the Clemency Board.
[Conclusion ]
Therefore, based on argument of counsel at the noted hearing, and the Court’s inspection of the withheld documents, it is ORDERED and ADJUDGED that Scott’s amended complaint for disclosure of public records is denied.
Scott appeals this order, claiming: (1) that the trial court failed to sufficiently review the withheld documents for Brady[1] materials; and (2) that the court erroneously ruled that the items withheld by the State are not public records. We disagree.
We recently addressed an identical Brady claim in Johnson v. Butterworth, 713 So.2d 985 (Fla.1998):
Further we find no error in the dismissal of Johnson’s Brady claim. As stated earlier, the State is under a continuing obligation to disclose any exculpatory evidence. In Roberts v. Butterworth, 668 So.2d 580 (Fla.1996), this Court reiterated the standard for when a defendant makes only a general request for exculpatory material under Brady:
Under such circumstances, “it is the State that decides what information must be disclosed” and unless the defense counsel brings to the court’s attention that exculpatory evidence was withheld, “the prosecutor’s decision on disclosure is final.”
668 So.2d at 582. Johnson’s request in this case was no more than a general request under Brady. Therefore, we *393 affirm the trial court’s dismissal of Johnson’s Brady claim.
Johnson, 713 So.2d at 987 (citations omitted). In the present case, Scott’s request was “no more than a general request under Brady.” We find no error.
We also find no merit to Scott’s claim that the trial court erred in ruling that the withheld documents are not public records. The documents consist almost entirely of handwritten notes and drafts of pleadings. See Shevin v. Byron, Harless, Schaffer, Reid and Assocs., 379 So.2d 633, 640 (Fla.1980) (“To be contrasted with ‘public records’ are materials prepared as drafts or notes, which constitute mere precursors of governmental ‘records’ and are not, in themselves, intended as final evidence of the knowledge to be recorded.”). Although the trial court’s order is entitled “Order Granting Final Summary Judgment,” the court in fact made an evidentia-ry determination. Competent substantial evidence supports the trial court’s ruling on this matter. See Bryan v. Butterworth, 692 So.2d 878, 881 (Fla.1997) (holding that where competent substantial evidence supports a ruling on a disclosure request, the appellate court “will not second-guess the trial court on this matter.”). We find no error.[2]
Based on the foregoing, we affirm the trial court order under review.
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD and PARIENTE, JJ., and OVERTON, Senior Justice, concur.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. We decline to address Scott’s claim that section 119.07(3)(l), Florida Statutes (1995), is unconstitutional. Because the requested documents are not public records, section 119.07(3)(l) is not implicated in this case.