The Honorable Ken J. Mascara Sheriff of St. Lucie County 4700 West Midway Road Fort Pierce, Florida 34981
Dear Sheriff Mascara:
You have asked the following question:
Does section 119.07(3)(aa), Florida Statutes, as amended during the 2004 legislative session, allow a sheriff's office to exempt driver identification numbers and other identifying information from disclosure?
Section 119.07(3)(aa), Florida Statutes, as amended during the 2004 legislative session, exempts from disclosure under the Public Records Law and the State Constitution personal information contained in a motor vehicle record that identifies the subject of that record.[1] As amended, the statute states:
"Personal information contained in a motor vehicle record that identifies the subject of that record is exempt from subsection (1) and s. 24(a), Art. I of the State Constitution except as provided in this paragraph. Personal information includes, but is not limited to, the subject's social security number, driver identification number, name, address, telephone number, and medical or disability information. For purposes of this paragraph, personal information does not include information relating to vehicular crashes, driving violations, and driver's status.For purposes of this paragraph, `motor vehicle record' means any recordthat pertains to a motor vehicle operator's permit, motor vehicle title,motor vehicle registration, or identification card issued by theDepartment of Highway Safety and Motor Vehicles. . . . "(e.s.)
The plain language of the statute affects only personal information contained in a motor vehicle record. As defined in section119.07(3)(aa), Florida Statutes, a "motor vehicle record" is one pertaining to a motor vehicle operator's permit, the vehicle title or registration, or an identification card issued by the Department of Highway Safety and Motor Vehicles.
Section 119.07(3)(aa), Florida Statutes, further prescribes circumstances under which personal information may be "released by the department."[2] Thus, it would appear that the restriction on disclosure of such personal information applies only to personal information obtained by the department and contained in motor vehicle records generated or held by the department.
One of the instances in which personal information may be released by the department is for the use of any government agency, including any court or law enforcement agency, in carrying out its functions.[3] I would note, however, that personal information obtained from the department by a law enforcement agency pursuant to one of the enumerated approved uses would maintain its protected status.[4]
There is no indication from the plain language of the act or a review of the legislative history of its enactment that the protection afforded a driver's personal information contained in motor vehicle records would extend to the records of other public agencies.[5] This conclusion is supported by the Legislature's specific statement of public necessity for the exemption of personal information contained in motor vehicle records.[6]
Accordingly, it is my opinion that section 119.07(3)(aa), Florida Statutes, applies only to personal information contained in motor vehicle records of the Department of Highway Safety and Motor Vehicles and does not authorize a sheriff's office to exempt such personal information from its records.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Section 1, Ch. 2004-62, Laws of Fla.
[2] Section 119.07(3)(aa)1.-15., Fla. Stat.
[3] Section 119.07(3)(aa)2., Fla. Stat.
[4] See Ragsdale v. State, 720 So.2d 203 (Fla. 1998) (applicability of a particular exemption is determined by the document being withheld, not by the identity of the agency possessing the record); Johnson v.Butterworth, 713 So.2d 985 (Fla. 1998); City of Riviera Beach v.Barfield, 642 So.2d 1135, 1137 (Fla. 4th DCA 1994) (protected documents given by one agency to another during an active criminal investigation do not lose their exempt status).
[5] See Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996) (Public Records Law is liberally construed in favor of open government; exemptions from disclosure are narrowly construed to limit them to their stated purpose); Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988). Section 24(c), Art. I, State Constitution, authorizes the legislature to provide by general law passed by two-thirds vote of each house for the exemption of records from the requirements of section 24(a), Art. I, State Constitution, provided the law "shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law."
[6] Section 3, Ch. 2004-62, Laws of Fla.:
"The Legislature finds that it is a public necessity that personalinformation in an individual's motor vehicle record held by theDepartment of Highway Safety and Motor Vehicles be exempt from public disclosure. Making such personal information exempt conforms state law to the requirements of the Federal Driver's Privacy Protection Act of 1994, as amended by s. 350 of Pub.L. No. 106-69, which prohibits disclosure of such information of a sensitive, personal nature, with specified exceptions. . . . The personal information that is contained in motorvehicle records, if readily available for public inspection and copying, could be used to invade the personal privacy of the persons named in the records or it could be used for other purposes, such as solicitation, harassment, stalking, and intimidation. Limiting access to the state'smotor vehicle records will protect the privacy of persons who are listed in those records and minimize the opportunity for invading that privacy. Thus, the Legislature finds that such personal information in motorvehicle records should be exempt from the requirements of Article I, s. 24 of the State Constitution." (e.s.)